UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOLL MEDICAL CORPORATION and ZOLL SERVICES LLC,<br><br>                       Plaintiffs,<br><br>     v.<br><br>BARRACUDA NETWORKS, INC., and SONIAN INC.,<br><br>                       Defendants. | CIVIL ACTION NO. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1.  This case stems from a data breach incident during which confidential data, including the protected health information of over 277,000 patients of ZOLL Services LLC ("ZOLL Services"), an indirect subsidiary of ZOLL Medical Corporation ("ZOLL Medical"), was accessed by an unauthorized third-party (ZOLL Medical and ZOLL Services shall be collectively referred to as "Plaintiffs").

2.  In 2012, ZOLL Medical contracted with Apptix, Inc. ("Apptix") to provide hosted business communications solutions for it and its subsidiary companies (the "Hosting Services Agreement"). Separately, in September 2014, ZOLL Lifecor Corporation, the predecessor to ZOLL Services, entered into a HIPAA Business Associate Agreement (the "BAA") with Apptix, pursuant to which Apptix agreed, among other things, to use appropriate safeguards to prevent unauthorized use or disclosure of PHI and to ensure that any subcontractor or vendor to whom it provides PHI agreed to the same restrictions and conditions regarding the protection of PHI.

3.  In the course of performing its obligations, Apptix engaged Sonian, Inc. ("Sonian"), which upon information and belief, has merged with Barracuda Networks, Inc.

("Barracuda") (Sonian and Barracuda shall be collectively referred to as "Defendants"), to provide various services, including email archiving.

4. Barracuda holds itself out to the public as an expert in data security and advertises that emails will be archived in a secure environment, with controls that ensure that only authorized personnel will have access to data within the archive.

5. Nevertheless, Barracuda failed to implement adequate data security safeguards. During a standard migration of data within Defendant's network environment, Defendant left open a data port, allowing an unauthorized third-party to access Plaintiff's email communications containing patient health information and other confidential information. Defendant left the data port open for more than seven weeks, from November 8, 2018 through December 28, 2018. During this time Plaintiff's data was accessed by an unauthorized party that consistently executed an automated search.

6. As a result of Barracuda's failure to implement adequate security safeguards, ZOLL Services is now liable to its patients for any injury and/or damages resulting from the data breach event.  Additionally, ZOLL Medical and ZOLL Services have suffered investigation, mitigation and remediation costs associated with the incident, as well as harm to their reputations with hospitals, prescribers and patients.  Plaintiffs seek to recover these damages from Defendants and/or their insurers.

## PARTIES

7. ZOLL Medical Corporation is a Massachusetts company with its principal place of business in Chelmsford, Massachusetts.  ZOLL Medical is the indirect parent corporation of ZOLL Services LLC, a Nevada limited liability company, f/k/a ZOLL Lifecor Corporation.

8.  Barracuda Networks, Inc. is a Delaware corporation with its principal place of business at 3175 Winchester Blvd, Campbell, California.

9.  Upon information and belief, Sonian, Inc. has now merged with Barracuda and is no longer a separate corporate entity. Upon information and belief, Sonian was a Delaware corporation.

10. Non-party Apptix, Inc. is a Florida corporation with its principal place of business at Suite 300, 13461 Sunrise Valley Drive, Herndon, Virginia. Upon information and belief, Apptix, Inc. is now a wholly owned subsidiary of Fusion Connect, Inc.

11. Non-party Fusion Connect, Inc. ("Fusion") is a Delaware corporation with its principal place of business at 420 Lexington Avenue, Suite 1718, New York, NY 10170.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this action involves (a) citizens of different States and (b) the amount in controversy exceeds $75,000.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because (i) Barracuda resides within this judicial district and (ii) a substantial part of the events or omissions giving rise to the claim occurred in this district.

14. This Court has personal jurisdiction over Defendants because Defendants provided services to Plaintiffs within the Commonwealth of Massachusetts and because Defendants' tortious conduct caused harm within the Commonwealth of Massachusetts and exposed the personal information of Massachusetts residents. Further, Barracuda maintains a business office within the Commonwealth of Massachusetts.

15. Since the AAA has jurisdiction per contractual agreements between ZOLL Medical and ZOLL Services and Fusion, ZOLL Medical and ZOLL Services have filed a separate arbitration against Fusion and Apptix for breach of contract among other claims. Plaintiffs invited Defendant to participate in that arbitration rather than the instant litigation. Defendant declined.

## **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

**A.     ZOLL Medical and ZOLL Services**

16. ZOLL Medical develops and markets medical devices and software solutions that help advance emergency care and save lives, while increasing clinical and operational efficiencies. ZOLL Medical's products include ventilators, defibrillators and monitors, resuscitation and acute care solutions, therapeutic and temperature management tools and data management solutions.

17. ZOLL Lifecor, now known as ZOLL Services LLC, is the indirect subsidiary of ZOLL Medical dedicated to commercializing the LifeVest wearable cardioverter defibrillator. In connection with these devices, physicians submit patient information to ZOLL Services, for several reasons. This information may include patient names, addresses, demographics, and health information.

18. ZOLL Medical and ZOLL Services use a limited number of third-party service providers in connection with managing its electronic communications. Each requires that its third-party vendors and contractors comply with HIPAA and other applicable data privacy laws and standards.

**B.     The Apptix Agreements**

19.     In August 2012, ZOLL Medical entered into the Hosting Services Agreement, whereby Apptix agreed to provide on-demand hosted business communication solutions, including messaging and collaboration systems, to ZOLL Medical in support of ZOLL Medical and all of ZOLL's subsidiaries, in exchange for specified service fees.  Since 2012, the Hosting Services Agreement has been subject to annual "evergreen" renewals. The Hosting Services Agreement required Apptix to protect the security of ZOLL Medical's data and to require the same of any subcontractors.

20.     Separately, on September 1, 2014, Apptix entered into the BAA. Pursuant to the BAA, Apptix agreed to use appropriate safeguards to prevent unauthorized use or disclosure of PHI and to implement administrative, physical and technical safeguards the confidentiality, integrity and availability of PHI and to require the same of any subcontractor.

**C.     The Data Breach**

21.     Upon information and belief, Apptix entered into a written agreement with Barracuda whereby Apptix retained Barracuda subsidiary Sonian to fulfill that portion of the Hosting Services Agreement requiring email archiving services.

22.     Upon information and belief, Barracuda utilized an application known as Sonian EA to archive the plaintiffs' data.

23.     Barracuda's website touts Barracuda as having expertise in data security and the Sonian product as compliant with HIPAA and other data privacy regulations.

24.     On January 8, 2019, Barracuda contacted Apptix and advised that "we recently discovered that a very small number of user emails stored in Sonian's EA solution were compromised as a result of unauthorized access to our system by a third party.

25. Barracuda advised that the incident was discovered on January 1, 2019 and that it had occurred during a one-time server migration. Barracuda further advised that the incident was caused by "a network configuration error that externally exposed the email search function of Sonian EA on a very small portion of the indices." Barracuda also advised that the network configuration error was the result of human oversight and/or error.

26. Once ZOLL Medical received notification of the breach, it and its subsidiaries immediately began an investigation into the event, including reviewing the potentially disclosed emails to determine whether PHI had been accessed.

27. ZOLL Medical hired an independent forensics firm, Kroll, Inc., to assist with its investigation and paid Kroll for its services.

28. As part of this investigation, ZOLL Medical requested more details from Barracuda regarding the data breach.

29. Barracuda refused to fully cooperate with ZOLL Medical's investigation. For example, Barracuda declined to provide ZOLL Medical's investigators with access to its online environment and declined to answer many of ZOLL Medical's questions about the incident.

30. Despite the lack of cooperation from Barracuda, eventually ZOLL Medical and ZOLL Services learned the following details:

(i) the data breach event(s) occurred between November 8, 2018 and December 28, 2018, though Barracuda did not know the exact dates and times when the information was accessed, the identity of the party that accessed the information, or whether the information had been copied or exfiltrated;

(ii) the data breach was due to an open port that allowed access to ZOLL Services' emails containing PHI;

(iii) the port was left open due to human error by a Barracuda employee.

31. Barracuda reported that, following its own investigation, it determined that it needed to take several steps to address the flaws in its product and processes, to ensure that the incident did not recur, including:

(i) changing its process so that data migrations were smaller and any issues could be more readily identified;

(ii) including all the cloud IP assets in a weekly vulnerability scan, including scanning for open ports;

(iii) implementing a cloud security guardian when the migration was ongoing to, among other things, flag when a sensitive port remained open; and

(iv) releasing a newer version of the Sonian archive solution with an enhanced security architecture to avoid third-party access.

32. ZOLL Services issued a press release advising that it had learned of a data security incident that impacted archived email communications, some of which contained PHI.

33. ZOLL Services offered affected patients free credit and identity monitoring services for one year and also provided impacted patients with information on additional steps to help guard against fraud or identity theft. ZOLL Services has borne all expenses associated with these services.

34. On April 9, 2019, a class action lawsuit against ZOLL Medical and ZOLL Services was filed in the Circuit Court of Kanawha County, West Virginia by individuals claiming that their PHI had been the subject of the data breach. When that action was filed, ZOLL Medical and ZOLL Services demanded indemnification from Apptix, but Apptix failed to respond. That action has now settled and ZOLL Medical and ZOLL Services are responsible for payment of damages to the class members.

35. ZOLL Medical and ZOLL Services have also expended internal and external resources to investigate and mitigate the data breach event, as well as provide adequate notifications to ZOLL Services' patients under HIPAA and other data privacy laws.

## FIRST CAUSE OF ACTION
### (Negligence/Negligence Per se)

36. ZOLL Services repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporate them as through fully set forth herein.

37. The HIPAA regulations impose a duty upon any custodian of PHI to use appropriate safeguards to protect the confidentiality, integrity and availability of PHI, including implementation of administrative, physical and technical safeguards, as appropriate.

38. The duties imposed by HIPAA apply equally to the original custodian or owner of the PHI and any business associate thereof.

39. Similarly, the GDPR imposes a duty upon any entity in possession of information to implement technical and organizational measures to ensure appropriate security of protected data.

40. Defendants through their acts and/or omissions, breached their duties by failing to take reasonable precautions and safeguards to protect ZOLL Services' data from disclosure to unauthorized third-parties.

41. As a direct and proximate result of Defendants' negligence, ZOLL Services has suffered injuries and damages, including but not limited to the costs of defense, costs of investigation, mitigation and remediation, settlement costs and costs of providing data privacy services to its patients.

## SECOND CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

42. ZOLL Medical and ZOLL Services repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint and incorporate them as through fully set forth herein.

43. In every transaction for sale of goods or services, there is an implied warranty of merchantability.

44. The implied warranty of merchantability requires that the product sold will be fit for the ordinary purpose for which such products are used.

45. Defendants sell various goods and services to the public, including the Sonian EA product.

46. In providing the Sonian EA product, Defendants warranted that that the product would be suitable for the purpose of providing a secure email archiving product.

47. The Sonian EA product was not merchantable in that it contained security flaws that permitted unauthorized third parties to access the archived emails and data.

48. Accordingly, Defendants breached the implied warranty of merchantability.

49. As a direct and proximate result of Defendants' breach, ZOLL Medical and ZOLL Services have suffered injuries and damages, including but not limited to the costs of defense, costs of investigation, mitigation and remediation, and costs of providing data privacy services to patients.

## THIRD CAUSE OF ACTION
**(Breach of Implied Warranty of Fitness)**

50. ZOLL Medical and ZOLL Services repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint and incorporate them as through fully set forth herein.

51. In a transaction for sale of goods or services where the seller has reason to know of the particular purpose for which the goods will be used, the seller extends an implied warranty of that the goods and/or will be fit for their intended purpose.

52. Defendants sell various goods and services to the public, including the Sonian EA product.

53. Defendants knew or should have known that the Sonian EA product would be used for the archiving of emails that contained confidential and/or sensitive information, including PHI and warranted that the product would be fit for that purpose.

54. The Sonian EA product was not suitable for its intended purpose in that it contained security flaws that permitted unauthorized third parties to access the archived emails and data.

55. Accordingly, Defendants breached the implied warranty of fitness for a particular purpose.

56. As a direct and proximate result of Defendants' breach, ZOLL Medical and ZOLL Services have suffered injuries and damages, including but not limited to the costs of defense, costs of investigation, mitigation and remediation, and costs of providing data privacy services to patients.

## FOURTH CAUSE OF ACTION
### (Breach of Written Contract – Third Party Beneficiary)

57. ZOLL Medical and ZOLL Services repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint and incorporate them as through fully set forth herein.

58. Plaintiffs are informed and believe and thereon allege that Barracuda and Apptix entered into a written agreement that contemplated, among other things, that Barracuda would provide email and data archiving services equipped with sufficient safeguards to protect unauthorized access to ZOLL Medical and its subsidiaries' data, including ZOLL Services' PHI.

59. Such agreement between Barracuda and Apptix was made for the ultimate benefit of Plaintiffs.

60. Upon information and belief, Barracuda breached its agreement with Apptix by, among other things, failing to enact sufficient safeguards to protect ZOLL Medical and its subsidiaries' data, including ZOLL Services' PHI, from unauthorized access by third-parties.

61. Upon information and belief, the agreement between Barracuda and Apptix required Barracuda to ensure that the data services it offered complied with the industry standards of care for data privacy.

62. Upon information and belief, Barracuda breached its agreement with Apptix by failing to ensure that the data services complied with the industry standards of care for data privacy.

63. As a result of Barracuda's breach of its agreement with Apptix, ZOLL Medical and ZOLL Services have suffered injuries and damages, including but not limited to the costs of defense, costs of investigation, settlement costs, mitigation and remediation, and costs of providing data privacy services to patients.

### FIFTH CAUSE OF ACTION
**(Equitable Indemnity)**

64. ZOLL Medical and ZOLL Services repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint and incorporate them as through fully set forth herein.

65. ZOLL Medical and ZOLL Services are now liable for damages to the plaintiffs in the West Virginia class action. Such damages were primarily and ultimately caused by the acts, breaches and/or omissions of Defendants, while any acts by ZOLL Medical or ZOLL Services were secondary, passive or derivative in nature.

66.     To the extent that ZOLL Medical and ZOLL Services have incurred expenses and costs associated with mitigation of the effects of the data breach, such expenses and costs were primarily and ultimately caused by the acts, breached and/or omissions of Defendants, while any acts by ZOLL Medical or ZOLL Services were secondary, passive or derivative in nature.

67.     Accordingly, ZOLL Medical and ZOLL Services demand that Defendants defend, indemnify, release and hold them harmless for any claims or sums paid by way of settlement, in satisfaction of judgment or in defense of any civil action or other proceeding associated with the data breach incident, including but not limited to the West Virginia class action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs ZOLL Medical Corporation and ZOLL Services LLC request judgment in their favor and against Defendants for an amount to be determined, together with such costs, interest and other relief as the Court deems appropriate or permitted by law.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: November 6, 2020                     GORDON REES SCULLY
                                            MANSUKHANI, LLP


                                            /s/ Michael Burke
                                            Michael P. Burke, Esq. (BBO No. 682796)
                                            21 Custom House Street
                                            Fifth Floor
                                            Boston, MA 02110
                                            Tel: (857) 504-2031
                                            Fax: (857) 264-2836
                                            mburke@gordonrees.com

                                            Ronald A. Giller, Esq.
                                            Jennifer A. Guidea, Esq.
                                            18 Columbia Turnpike Suite 220
                                            Florham Park, NJ 07932
                                            rgiller@grsm.com
                                            jguidea@grsm.com
                                            *Attorneys for Plaintiffs*
                                            *ZOLL Medical Corporation and ZOLL*
                                            *Services LLC*