United States District Court
District of Massachusetts

|  |  |
|---|---|
| AXIS INSURANCE COMPANY, *a/a/o ZOLL MEDICAL CORPORATION and ZOLL SERVICES LLC, and a/s/o FUSION LLC,*<br><br>    Plaintiff,<br><br>    v.<br><br>BARRACUDA NETWORKS, INC., and SONIAN INC.,<br><br>    Defendants. | Civil Action No.<br>20-11997-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is a motion for a protective order filed by plaintiff Axis Insurance Company ("Axis"), as assignee of Zoll Medical Corporation and Zoll Services, LLC (together, "Zoll") and as subrogee of Fusion, LLC ("Fusion"). Axis seeks an order from this Court pursuant to Fed R. Civ. P. 26(c) exempting an archive of electronically stored information ("ESI") from the scope of discovery in this case. Defendants Barracuda Networks, Inc. ("Barracuda") and Sonian, Inc. ("Sonian") have timely opposed the motion.

The Court is aware that the parties did not discover the archive until recently and that searching it at this point will introduce additional cost and delay. Nevertheless, the Court concludes that the ESI at issue may be (and likely is) "relevant

- 1 -

to the subject matter of the action." Cherkaoui v. City of Quincy, No. 14-CV-10571-LTS, 2015 WL 4504937, at *1 (D. Mass. July 23, 2015) (citation omitted).  Although Axis cites the broad discretion which district courts have to issue protective orders, it has not met its burden to establish that there is good cause (e.g. lack of relevancy or undue burden) for such relief here. See Voice Domain Techs., LLC v. Apple, Inc., No. 13-CV-40138-TSH, 2014 WL 5106413, at *2 (D. Mass. Oct. 8, 2014) (holding that the burden is on the movant to "demonstrate a particular need for protection").

Furthermore, Axis (a/a/o Zoll) should have been aware of the existence of the archive earlier which would have allowed the parties to mitigate the time and cost associated with searching the archive for responsive ESI material.  For instance, in February, 2021, while this case was pending, outside counsel for Zoll sent a litigation hold letter to Barracuda with respect to the archive. See Docket No. 94-3. Counsel for Axis in this case, however, failed to confirm whether the archive existed until May 4, 2023.

### ORDER

For the foregoing reasons, Axis' motion for a protective order (Docket No. 86) is **DENIED**.

The parties are instructed to meet and confer to develop a plan for searching the archive in a manner that will minimize

the delay and expense associated with reviewing it. They shall submit to the Court, on or before Wednesday, September 6, 2023, a proposed scheduling order that will promptly and efficiently complete discovery in this case.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: August 15, 2023