UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AXIS INSURANCE COMPANY a/a/o ZOLL          )
MEDICAL CORPORATION and ZOLL SERVICES LLC, )
                                           )
          Plaintiffs,                      )
     v.                                    )     CIVIL ACTION
                                           )     NO. 20-11997-NMG
BARRACUDA NETWORKS, INC. and               )
SONIAN INC.,                               )
                                           )
          Defendants,                      )
                                           )
     v.                                    )
                                           )
AXIS INSURANCE COMPANY a/s/o FUSION, LLC,   )
                                           )
          Rule 20 Plaintiff.               )

## ORDER ON DISCOVERY MOTIONS

This matter is before the court on the "Plaintiff's Motion to Compel Defendants to Comply with Court Order" (Docket No. 151) and "Defendant Barracuda Networks, Inc.'s Motion for Leave to File Documents Under Seal for *In Camera* Review" (Docket No. 157).  After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

1.      The Plaintiff's Motion to Compel is ALLOWED.

   (a) Without making any determination as to the applicability of the common interest doctrine, the court finds that, under the terms of the Common Interest Agreement (Docket No. 168-2) and the Settlement Agreement (Docket No. 61-1) entered into by Zoll Medical Corporation, Zoll Services, LLC (together "Zoll"), and AXIS Insurance Company ("AXIS"), Zoll did not waive any attorney-client privilege with respect to the documents it provided to AXIS for review.  This is consistent with recognized principles of subrogation.

See <u>American Auto. Ins. Co. v. J.P. Noonan Transp., Inc.</u>, No. 970325, 2000 WL 33171004, at *5 (Mass. Super. Ct. Nov. 16, 2000) (in dispute over privileged communications, subrogee may assert whatever privileges that subrogor could have asserted prior to subrogation).

(b) The court further finds that the parties are bound by the language of Section 14 of the "Stipulated Protective Order and Clawback Agreement" (Docket No. 69) entered into by AXIS and defendant Barracuda Networks, Inc. ("Barracuda").  The language is clear and unambiguous in that "[t]he inadvertent production of privileged documents shall not be deemed a waiver of the privilege."  <u>See</u> Fed. R. Evid. 502(d) and (e).

(c) This court finds that AXIS's disclosure of privileged documents in its December 26, 2023 production to Barracuda was inadvertent.

(d) In light of the circumstances surrounding this inadvertent production to Barracuda, including the number of documents inadvertently disclosed relative to the volume of documents produced, the window of time during which review and production took place, and the extensive privilege screening process applied by AXIS, AXIS's disclosure was neither grossly negligent nor reckless so as to fall outside the ambit of the clawback agreement.  <u>See</u> <u>VLT, Inc. v. Lucent Technologies, Inc.</u>, No. 00-11049-PBS, 2003 WL 151399, at *4 (D. Mass. Jan. 21, 2003).

(e) Accordingly, and as agreed in open court, Barracuda shall destroy the privileged documents inadvertently produced by AXIS.

(f) AXIS's request for costs and fees is DENIED.

2.    In light of this court's ruling on the "Plaintiff's Motion to Compel Defendants to Comply with Court Order," the "Defendant Barracuda Networks, Inc.'s Motion for Leave to File Documents Under Seal for *In Camera* Review" is DENIED.

/ s / Judith Gail Dein<br>Judith Gail Dein

Dated: April 19, 2024                   United States Magistrate Judge